PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 10-4133

_____

HAN TAK LEE,
                    Appellant

v.

STEVE GLUNT, SUPERINTENDENT, SCI HOUTZDALE;
DISTRICT ATTORNEY OF MONROE COUNTY;
ATTORNEY GENERAL OF PENNSYLVANIA

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. No. 4-08-cv-01972)
District Judge:  Honorable Malcolm Muir

_____

Argued December 12, 2011

Before: SLOVITER, VANASKIE, *Circuit Judges*
and STENGEL,[*] *District Judge*

(Filed:  January 27, 2012)

_____

Peter Goldberger (Argued)
Ardmore, PA  19003

_____

[*] Hon. Lawrence F. Stengel, United States District Court
for the Eastern District of Pennsylvania, sitting by
designation.

Attorney for Appellant

Jeremy M. Bolles   (Argued)
E. David Christine, Jr.
Mark S. Matthews
Monroe County Office of District Attorney
Stroudsburg, PA  18360

Attorneys for Appellees

Charlotte H. Whitmore
Pennsylvania Innocence Project
Philadelphia, PA  l9l22

Attorney for Amicus Appellant

_____

OPINION OF THE COURT

_____

SLOVITER, *Circuit Judge.*

The brief on behalf of Petitioner-Appellant Han Tak Lee has listed the following statement of issues:

1.  Is petitioner-appellant Han Tak Lee incarcerated for a crime of which newly discovered scientific evidence persuasively shows he is probably innocent, in violation of his due process rights?

a.  Is an actual innocence claim based upon newly discovered evidence cognizable in a federal habeas corpus petition filed under 28 U.S.C. § 2254?

b.  Does AEDPA'a deferential standard of review apply to the Pennsylvania Superior court's decision in this case?

2

2.  Is petitioner-appellant Lee entitled at least to discovery and an evidentiary hearing?

Appellant's Br. at 2.

Because we dispose of this matter on the final issue listed, we will not reach the other provocative issues in Nos. 1 and 1a above.

Petitioner Han Tak Lee appeals from the District Court's Order, which denied his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 without granting discovery or conducting an evidentiary hearing.[1]  Lee had been charged with first degree murder and arson after his twenty-year-old mentally ill daughter died in a cabin fire at a religious retreat in the Pocono Mountains.  He was convicted on both counts in a jury trial and sentenced to life imprisonment without the possibility of parole.

Lee filed a petition for habeas corpus against the Superintendent of the state prison where he has been incarcerated, the District Attorney of Monroe County and the Attorney General of Pennsylvania (hereafter collectively referred to as "Commonwealth").  Lee now argues that his habeas petition should be granted because he is actually innocent.  Specifically, he argues that newly discovered evidence proves that the fire expert testimony that the Government relied upon to secure his convictions was fundamentally unreliable and that therefore his continued incarceration violates his due process rights.  In a brief filed on behalf of the Commonwealth containing less than three pages of substance, the Commonwealth asserts that Lee "has merely offered different evidence that could solely be used for impeachment purposes," which "does not, on its own[,] establish a constitutional violation."  Appellee's Br. at 6.  The Commonwealth further argues that Lee's "claim of actual [innocence] without a clear separate constitutional violation is not cognizable under 28 U.S.C. § 2254."  *Id.* at 7.

---

[1] We have appellate jurisdiction pursuant to 28 U.S.C. §§ 1291 and 2253(a).

3

# I.

## Background

A. Convictions and Direct Appeals

Lee was convicted on September 17, 1990 after an eight-day jury trial during which Lee's attorney had argued that Lee's daughter was mentally ill and had set the fire as a suicidal act. Post-verdict motions were denied and Lee was sentenced to life without the possibility of parole. Lee appealed his convictions to the Superior Court of Pennsylvania, which remanded to the trial court for an evidentiary hearing on Lee's claims of ineffective assistance of counsel. During that hearing, the court received substantial evidence about developments in the field of fire science, including testimony from fire expert John J. Lentini.[2] This evidence provided ample reason to question the reliability of the arson investigation.

Nevertheless, the trial court held that Lee had failed to establish that trial counsel was ineffective despite, *inter alia*, trial counsel's failure to discredit the Commonwealth's expert witnesses or to argue that the fire was accidental. Lee filed a direct appeal in the Superior Court of Pennsylvania, arguing that trial counsel was ineffective. The Superior Court affirmed Lee's convictions and sentence, and the Pennsylvania Supreme Court denied allowance of an appeal.

B. Post-Conviction Relief Act (PCRA)

---

[2] John J. Lentini has undergone extensive training in the field of fire investigation. He has published numerous articles on the subject and has provided expert testimony in over two hundred cases involving fires. He has testified in both civil and criminal cases for plaintiffs and defendants, and he has also served as an expert to advise the court. The Commonwealth does not challenge Lentini's qualification as an expert.

In 1995, Lee filed a *pro se* petition for relief under the PCRA in the Court of Common Pleas of Monroe County, Pennsylvania. Inexplicably, the Commonwealth did not comply with the court's order to file a response, and the petition sat dormant until the attorney who is now representing Lee in this case requested leave to file an amended petition in 2001. Lee's attorney also requested an order granting access to evidence and scientific records that were in the possession of the state police. The District Attorney consented to this disclosure, but the PCRA judge refused to allow it, stating merely that it was "unduly burdensome on the State Police." App. at 103.

Lee's attorney filed an amended petition for relief under the PCRA in 2005, which argued that (1) Lee was entitled to a new trial because of exculpatory evidence (in the form of newly discovered scientific information about fires) that was unavailable at the time of trial, and (2) appellate counsel was ineffective in the direct appeal by failing to raise a claim of after-discovered exculpatory evidence in addition to the ineffective assistance claim he had raised. An affidavit from fire expert John J. Lentini explaining developments in fire science since the time of Lee's trial was attached to the amended petition.

The Court of Common Pleas held oral argument and ultimately denied the petition for PCRA relief. In affirming the denial of Lee's PCRA petition, the Superior Court of Pennsylvania concluded that the Lentini affidavit would be "used solely to impeach the Commonwealth's experts' credibility and to contradict their opinion that the fire was of incendiary origin." App. at 67. The court also "reject[ed] Lee's assertion that the Commonwealth's methodology [for arson investigation] was scientifically invalid" because Lentini's affidavit "merely challeng[ed] the varying degrees of significance that are attributed to the generally accepted components of arson investigation." App. at 72-73. Under Pennsylvania law, "[a] new trial may be granted on the theory of after discovered evidence only if the new evidence . . . [, *inter alia*,] will not be used solely for impeaching the credibility of a witness." App. at 66. This was the reason

5

given by the Superior Court to deny relief on this claim. The Superior Court of Pennsylvania then denied Lee's application for reconsideration or re-argument en banc, and the Supreme Court of Pennsylvania denied Lee's application for allowance of appeal.

C. Federal Habeas

Lee filed a timely petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 in the District Court for the Middle District of Pennsylvania, arguing that (1) appellate counsel was ineffective, (2) Lee's due process rights were violated because his convictions were based on inaccurate and unreliable evidence, (3) Lee is incarcerated in violation of due process because newly developed scientific evidence shows that he is probably innocent of the crimes of which he was convicted and there is no other substantial evidence of guilt, and (4) trial counsel was ineffective. The District Court noted that "[t]he respondent concede[d] that Petitioner has exhausted his state court remedies," App. at 11, and the Commonwealth has conceded that Lee raised these federal issues in his state court proceedings. *See* Appellee's Br. 8 ("[A]ll of the appellant's claims have been heard by the state court system."); *see also Albrecht v. Horn*, 485 F.3d 103, 124 (3d Cir. 2007) ("Ultimately, the state post-conviction claim was not very different from the federal habeas claim [because the] essential factual and legal substance of the innocence/unreliable fire science claim was presented at both the trial and state Supreme Court levels.").

The District Court denied the petition for habeas relief, reasoning that "Lee's claim of newly discovered evidence is not cognizable under § 2254 because claims of actual innocence based on newly discovered evidence are never grounds for federal habeas relief absent an independent constitutional violation." App. at 15-16 (citations omitted). The District Court also concluded that no evidentiary hearing was warranted because "Lee's claims of newly discovered evidence were presented to the Pennsylvania Courts in his PCRA petition, and affirmed on appeal." *Id.* at 16. The District Court noted the Superior Court's conclusion that "the

6

after-discovered evidence that would have been used solely for impeachment purposes [did] not warrant a new trial under Pennsylvania law." *Id.* at 17. The District Court also denied Lee's ineffective assistance claims.[3]

Lee appealed. The Pennsylvania Innocence Project – a non-profit legal clinic housed at Temple University School of Law and dedicated to providing pro bono legal and/or investigative services to prisoners for whom evidence discovered post-conviction can provide conclusive proof of innocence – filed an amicus brief in this court, arguing that "the federal Constitution provides an avenue through [which] the truly innocent may obtain their freedom, notwithstanding the lack of any underlying constitutional violations." Amicus Br. at 2.

## II.

### Standard of Review

The Antiterrorism and Effective Death Penalty Act ("AEDPA") limits the power of a federal court to grant habeas relief to a person in custody pursuant to a state court judgment. Federal courts may only entertain habeas petitions alleging that the state prisoner is in custody "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). When a federal claim has been adjudicated on the merits by the state court, the federal court may only grant the writ if the state court's decision as to the federal claim was "(1) . . . contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or (2) . . . based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." *Id.* § 2254(d). If the state court analyzed and rejected a habeas petitioner's federal claims on the merits but gave "no

---

[3] Because Lee's request for a certificate of appealability was granted only as to the claims related to his alleged actual innocence, we do not address his ineffective assistance claims.

7

indication of how it reached its decision," then the deferential standard of review from § 2254 still applies. *See Chadwick v. Janecka*, 312 F.3d 597, 606 (3d Cir. 2002) (internal quotation marks and citation omitted).

However, if the state court did not reach the merits of the federal claims, then they are reviewed *de novo*. *See Cone v. Bell*, 129 S. Ct. 1769, 1784 (2009). Even in this situation, the State court's relevant factual determinations are presumed to be correct unless the petitioner rebuts this presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

It is clear that the state courts in this case relied only on state law to deny Lee's PCRA petition, and there is no indication that the state courts analyzed Lee's federal claims.[4] Accordingly, Lee's federal claims are subject to *de novo* review.

## III.

## Analysis

Lee argues that his continued incarceration is unconstitutional because his convictions are predicated on what new scientific evidence has proven to be fundamentally

---

[4] The Court of Common Pleas' Opinion denying Lee's PCRA petition spanned twenty pages and the Superior Court of Pennsylvania explained its decision to affirm in a sixteen page memorandum, yet neither references a federal due process claim. If the Superior Court of Pennsylvania's decision to "reject Lee's assertion that the Commonwealth's methodology [underlying the fire expert testimony] was scientifically invalid" was a decision on the merits, then it was based on an unreasonable determination of the facts because the portions of the Lentini affidavit explaining new developments in fire science plainly establish the unreliability of the methodology used by the experts who testified at Lee's trial. 28 U.S.C. § 2254(d)(2).

8

unreliable expert testimony, in violation of due process.[5] To succeed, Lee must show that the admission of the fire expert testimony "undermined the fundamental fairness of the entire trial," *Keller v. Larkins*, 251 F.3d 408, 413 (3d Cir. 2001), because "the probative value of [the fire expert] evidence, though relevant, is greatly outweighed by the prejudice to the accused from its admission." *Bisaccia v. Attorney Gen.*, 623 F.2d 307, 313 (3d Cir. 1980) (quoting *United States ex rel. Bibbs v. Twomey*, 506 F.2d 1220, 1223 (7th Cir. 1974)).[6] Before this claim can be adjudicated on the merits, this case will be remanded for discovery.[7]

Lee asked the District Court to "schedule this case for evidentiary hearing, permitting petitioner in preparation for such hearing to conduct necessary discovery." App. at 57. Lee asserts that he is entitled to "whatever physical evidence remains" from the fire scene, including "the gas

---

[5] Lee also argues that he is entitled to federal habeas relief because he is actually innocent. As explained hereafter, Lee's allegations, if proven, would be sufficient to establish a due process violation. Therefore, we need not decide whether Lee's allegations meet the "extraordinarily high" threshold for granting federal habeas relief based on a freestanding claim of actual innocence. *Herrera v. Collins*, 506 U.S. 390, 417 (1993).

[6] At oral argument, counsel for the Commonwealth agreed that this type of claim is cognizable in a federal habeas petition: "If we were at the point where we can say that it's accepted scientifically that not only this is new evidence but it clearly . . . disproves the old evidence in saying the old evidence is now misleading, then we're there, then we have a due process violation, now we have the actual claim of innocence . . . [and] there potentially could be an innocent man in jail . . . ." Oral Arg. at 26:12.

[7] As will be explained, the District Court will determine whether Lee is entitled to an evidentiary hearing after it has granted discovery and reviewed the expanded record. *See infra* Part III.B.

9

chromatograms, state laboratory reports, and any preserved fire debris, as well as the complete file of [the Commonwealth's expert] retired Fire Marshal Thomas Jones." Appellant's Br. at 54. In essence, Lee argues that his expert needs the opportunity to independently review the evidence from the scene of the fire to fully develop the facts underlying Lee's claim that the expert testimony admitted at his trial was fundamentally unreliable. The District Court concluded that no evidentiary hearing was warranted because "Lee's claims of newly discovered evidence were presented to the Pennsylvania Courts in his PCRA petition, and affirmed on appeal." App. at 16. This appeal requires this court to decide whether that decision was an abuse of discretion.

A. Discovery

Rule 6 of the Rules Governing § 2254 Cases states that "[a] judge may, for good cause, authorize a party to conduct discovery under the Federal Rules of Civil Procedure and may limit the extent of discovery." "A habeas petitioner may satisfy the 'good cause' standard by setting forth specific factual allegations which, if fully developed, would entitle him or her to the writ." *See Williams v. Beard*, 637 F.3d 195, 209 (3d Cir. 2011) (citing *Harris v. Nelson*, 394 U.S. 286, 300 (1969); *Lave v. Dretke*, 416 F.3d 372, 380 (5th Cir. 2005)). "We review the District Court's denial of a discovery request for abuse of discretion." *Id.* at 209 (citations omitted). "A district court abuses its discretion when discovery is essential for the habeas petitioner to develop fully his underlying claim." *Id.* (internal quotation marks and citations omitted).

There can be no doubt that Lee has satisfied the good cause standard. Lee specifically alleges that his claim "depend[s] on certain facts about scientific developments since the time of trial" and that "[t]he PCRA court . . . denied the petitioner's consent motion for production of physical and scientific evidence in the Commonwealth's possession to permit his expert to verify and support his analysis." Appellant's Br. at 53. He concludes that "[a]ny current

10

deficiency in the record is therefore not attributable to any fault of the petitioner . . . ." *Id.* The District Court unaccountably did not acknowledge that Lee had requested access to this fire scene evidence in the state court and that his request was denied, but that fact is shown by the record.

The ability to test the fire scene evidence is crucial because, without independent testing, Lee's expert cannot render an independent opinion as to the significance of this evidence and instead must rely on other experts' reports to reach his conclusions. We note that Lentini does not make extravagant claims on behalf of Petitioner. Instead, he was particularly cautious in his evaluation, stating

> Because of the manner in which this fire was investigated, I am unable to render an opinion as to the cause of the fire, but I can state unequivocally that all of the evidence presented to the Court by the Commonwealth's experts is consistent with an accidental fire.

App. at 154 ¶ 30. *See also* Appellant's Br. at 47 ("The only reason that [Lentini] could not rule out arson or establish accident, it may be presumed, is that the trial judge, when presiding over the PCRA proceedings, refused to grant petitioner's unopposed motion for access to the remaining fire scene evidence and the contemporaneous scientific test results."). In fact, the Court of Common Pleas acknowledged the impact of failing to give Lee's expert access to this evidence when it noted that "the fact that [Lentini] did not have the benefit of investigating the scene or testing any of the residue remaining from the events which occurred some 15 years ago would give little credibility to his conclusions before any fact finder." App. at 177. Given that Lee has alleged that his expert's independent analysis will reveal that the fire expert testimony at his trial was fundamentally unreliable,[8] he has satisfied the good cause standard and the

---

[8] It is worth noting that one of the experts that the Commonwealth relied upon at trial—Mr. Jones—responded to an article about this fire by writing a letter to the editor, in

11

District Court's denial of his request for discovery was an abuse of discretion.[9]

## B.  Evidentiary Hearing

In *Cullen v. Pinholster*, the Supreme Court held that "review under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits." 131 S. Ct. 1388, 1398, 1400 n.4 (2011).[10]  However, this limitation does not apply to federal claims that have not been adjudicated on the merits in state-court proceedings, in which case § 2254(e)(2) is controlling.  *Id.* at 1401.  It provides:

> If the applicant has failed to develop the factual basis of a claim in State court proceedings, the court shall

---

which he stated "Keep in mind that this investigation was conducted in 1989 . . . . Some of the indicators found at the scene were accepted practice at that time."  App. at 142 (citing *Fire and Arson Investigator*, April 2000, page 5).  This statement implicitly acknowledges that some of the indicators relied upon at trial are no longer accepted as valid indicators of arson, and that his testimony may have been different if the new science had been available in 1989.

[9] At oral argument, counsel for the Commonwealth frankly stated that he does not know if this evidence is still available.  In the event that the evidence has been destroyed, the District Court will be in the best position to decide whether the spoliation inference is appropriate.  *See Schmid v. Milwaukee Elec. Tool Corp.*, 13 F.3d 76, 78 (3d Cir. 1994) ("Since the early 17th century, courts have admitted evidence tending to show that a party destroyed evidence relevant to the dispute being litigated . . . [and s]uch evidence permitted an inference . . . that the destroyed evidence would have been unfavorable to the position of the offending party.").

[10] Our analysis under § 2254(d)(2), *see supra* note 4, was based on the record before the state court.

12

not hold an evidentiary hearing on the claim unless the applicant shows that—

(A) the claim relies on—

> (i) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

> (ii) a factual predicate that could not have been previously discovered through the exercise of due diligence; and

(B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2254(e)(2).

Therefore, § 2254(e)(2) bars a federal habeas court from holding an evidentiary hearing "unless the petitioner was diligent in his attempt to develop a factual basis for his claim in the state court proceedings[.]" *Palmer v. Hendricks*, 592 F.3d 386, 392 (3d Cir. 2010). "Under the opening clause of § 2254(e)(2), a failure to develop the factual basis of a claim is not established unless there is lack of diligence, or some greater fault, attributable to the prisoner or the prisoner's counsel." *Williams v. Taylor*, 529 U.S. 420, 432 (2000). Thus, the opening clause of § 2254(e)(2) does not bar an evidentiary hearing for a claim that was "pursued with diligence but remained undeveloped in state court." *Id.* at 434.

Here, it is clear that Lee pursued his claim that newly developed scientific evidence establishes that the expert testimony at his trial was fundamentally unreliable. He was diligent in his efforts to develop this claim in state court by filing a motion for access to evidence from the fire scene so

13

that his expert could perform independent analysis by applying the new science to that physical evidence. When the state court denied this motion and the motion for reconsideration of that denial, it "depriv[ed] petitioner of a further opportunity to investigate." *Id.* at 442. If his expert had access to this evidence, he presumably would have been able to render an independent opinion as to whether the fire was intentionally set. Given the Commonwealth's decision not to contest the accuracy of the Lentini affidavit and the refusal of the state court to grant discovery, Lee had no reason to press his request for an evidentiary hearing any further.[11] *Id.* at 435 ("Diligence for purposes of the opening clause depends upon whether the prisoner made a reasonable attempt, in light of the information available at the time, to investigate and pursue claims in state court . . . ."). Lee's efforts cannot fairly be characterized as exhibiting a lack of diligence or greater fault, and his request for an evidentiary hearing in federal court is therefore not barred by the opening clause of § 2254(e)(2). *See id.* at 437 ("[C]omity is not served by saying a prisoner 'has failed to develop the factual basis of a claim' where he was unable to develop his claim in state court despite diligent effort.").[12]

---

[11] Lee's amended PCRA petition contained a conditional request for an evidentiary hearing as well as a certification of the intended witnesses for such a hearing, as required under Pennsylvania state law. *See* App. at 109.

[12] Even if we were to find that Lee had failed to develop the factual basis of his claim in state court within the meaning of the opening clause of § 2254(e)(2), his case fits within the statutory exception to this bar. Section 2254(e)(2) provides that "lack of diligence will not bar an evidentiary hearing if efforts to discover the facts would have been in vain, *see* § 2254(e)(2)(A)(ii), and there is a convincing claim of innocence, *see* § 2254(e)(2)(B) . . . ." *Id.* at 435. Lee surely satisfies this standard. Lee made efforts to discover the relevant facts but his consent motion was denied, as was his motion for reconsideration of that decision. Lee had every reason to believe that further efforts to discover these facts would have been in vain. Lee also has a convincing claim of

The fact that a federal court is not barred from holding an evidentiary hearing on Lee's federal claim does not establish that Lee is entitled to such a hearing. To make this determination, the court must evaluate (i) "whether the petition presents a *prima facie* showing which, if proven, would enable the petitioner to prevail on the merits of the asserted claim," and (ii) whether the relevant factual allegations to be proven at the evidentiary hearing are "contravened by the existing record" or the record "otherwise precludes habeas relief[.]" *Palmer*, 592 F.3d at 393 (internal quotation marks and citations omitted); *see also Schriro v. Landrigan*, 550 U.S. 465, 474 (2007). We review a District Court's decision to deny an evidentiary hearing for abuse of discretion by considering the same two factors. *See Palmer*, 592 F.3d at 393-94 (citations omitted); *see also id.* at 393 n.3 ("The Supreme Court has not held, and we do not suggest, that a court is precluded from considering additional factors in determining the appropriateness of an evidentiary hearing.").

Lee avers that his expert will conclude that there is no support for the conclusion that the fire was intentionally set if he is given the opportunity to analyze the fire scene evidence and apply the principles known through the new developments in fire science to that physical evidence. These allegations, if proven, set forth a *prima facie* case for granting Lee habeas relief on his due process claim by showing that the admission of the Commonwealth's fire expert testimony undermined the fundamental fairness of Lee's entire trial because the testimony was premised on unreliable science and was therefore itself unreliable. These factual allegations

innocence: if Lee's expert's analysis of the fire scene evidence establishes that the fire was not of incendiary origin, then that would be clear and convincing evidence that no reasonable factfinder would have convicted Lee if not for the admission of the fundamentally unreliable expert testimony at his trial. Therefore, Lee's request for an evidentiary hearing in federal court is not barred by § 2254(e)(2).

15

are not contradicted by the existing record,[13] not least because the Commonwealth has not offered any evidence supporting the validity of the old methodology and does not challenge the accuracy of the Lentini affidavit, which describes the developments in fire science since Lee's trial and explains that many of the scientific theories relied upon by the Commonwealth's experts have been refuted.[14] Once Lee is granted discovery on remand, the District Court will only then be able to determine whether the factual allegations underlying Lee's claims are refuted by the expanded record.

## IV.

## Conclusion

Lee was diligent in his efforts in state court to develop his claims that newly developed scientific evidence establishes that the expert testimony at his trial was fundamentally unreliable, in violation of due process, and that Lee is actually innocent. Additionally, Lee has alleged sufficient facts to demonstrate that discovery is essential to

---

[13] The record shows that Lee's pants were covered in liquid, but the parties dispute whether that liquid was conclusively determined to be accelerant. Therefore, further testing is required to determine whether the presence of this liquid constitutes other evidence of guilt. *Cf. Albrecht*, 485 F.3d at 126 (concluding that a habeas petitioner could not "exploit the new scientific knowledge [about fires] here" to obtain relief "because of ample other evidence of guilt").

[14] Parts of the Lentini affidavit criticize the Commonwealth's fire expert testimony based on information that was available at the time of the trial. We have not considered these criticisms in reaching our conclusion that Lee's allegations, if proven, show that the admission of the fire expert testimony undermined the fundamental fairness of his entire trial. Rather, our conclusion is based solely on Lentini's explanations of new developments in fire science since the time of Lee's trial.

16

the development of his federal claims.  If Lee's expert's independent analysis of the fire scene evidence—applying principles from new developments in fire science—shows that the fire expert testimony at Lee's trial was fundamentally unreliable, then Lee will be entitled to federal habeas relief on his due process claim.  Accordingly, because the District Court failure to grant Lee's request for discovery was not in the exercise of the Court's sound discretion, this case will be remanded for further proceedings consistent with this Opinion.