J-S62016-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| TEQUILLA ANGELA NEWSOME | |
| Appellant | No. 322 WDA 2015 |

Appeal from the PCRA Order January 8, 2015
in the Court of Common Pleas of Allegheny  County
Criminal Division at No(s): CP-02-CR-0003061-2005
CP-02-CR-0005726-2005

BEFORE:  GANTMAN, P.J., JENKINS, J., and PLATT, J.[*]

MEMORANDUM BY JENKINS, J.:　　　　　　　**FILED OCTOBER 22, 2015**

Tequilla Angela Newsome ("Appellant"), appeals from the order dismissing her petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546.  After careful review, we affirm.

The PCRA court summarized the procedural posture of this matter as follows:

> [Appellant], Tequilla Fields, a/k/a Tequilla Newsome, was found guilty by a jury on October 19, 2005 of Second Degree Murder, 18 Pa.C.S.[] § 2501, Arson – Endangering Persons (2 counts), 18 Pa.C.S.[] § 3301(A), Arson – Endangering Property, 18 Pa.C.S.[] § 3301(C), Causing a Catastrophe, 18 Pa.C.S.[] § 3302, Cruelty to Animals, 18 Pa.C.S.[] § 5511, and Criminal Conspiracy, 18 Pa.C.S.[] § 903.  She was sentenced on the same day to serve life in prison.

---

[*] Retired Senior Judge assigned to the Superior Court.

A direct appeal was filed to the Superior Court, [which] issued an[] [o]rder and [m]emorandum [o]pinion on January 22, 2007 affirming the judgment of sentence, but overturning the convictions for [c]ausing a [c]atastrophe and [c]ruelty to [a]nimals. A subsequent [p]etition for [a]llowance of [a]ppeal was denied on June 26, 2007.

On May 10, 2008, [Appellant] filed her first timely Petition under the [PCRA]. [Appellant] refused the appointment of counsel and she was granted leave to represent herself. After the Commonwealth filed an [a]nswer, the [p]etition was dismissed without a hearing on March 26, 2009.

[Appellant] filed her second [p]etition under the [PCRA] on August 24, 2012. After a review of the record, the [PCRA c]ourt issued a [n]otice of [i]ntention to [d]ismiss and the second Petition was dismissed as time-barred on October 16, 2012. A direct appeal was filed; however, [Appellant] withdrew her appeal on or about November 27, 2012.

[Appellant] filed her third [p]etition under the [PCRA] on October 20, 2014. After a review of the record, the [PCRA c]ourt issued a [n]otice of [i]ntent to [d]ismiss and the third [p]etition was dismissed as time-barred on January 8, 2015. This appeal follows.

PCRA Court Pa.R.A.P. 1925(a) Opinion, filed March 12, 2015 ("1925(a) Opinion"), pp. 1-2.

Appellant raises the following claims for our review:

I. I'm incarcerated for a crime newly discovered scientific evidence will my innocence and my due process rights was violated.

II. I'm entitled to an evidentiary hearing because of the exculpatory evidence

III. I was coerce into a false statement, Det. J.R. Smith showed me a picture of my alleged deceased children when in fact alot of the property was destroyed in a flood in the 1990's and the picture was not of my children.

IV. Why would I charged with arson when evidence clearly shows on lab reports that I didn't in fact handle or contain any accelerant?

V. Why was my PCRA dismissed for timeliness and lack of merit when it was newly discovered evidence?

**See** Appellant's Brief, pp. 9-13 (verbatim).[1]

In reviewing an order denying PCRA relief, our well-settled standard of review is "to determine whether the determination of the PCRA court is supported by the evidence of record and is free of legal error. The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record." **Commonwealth v. Barndt**, 74 A.3d 185, 191-192 (Pa.Super.2013) (internal quotations and citations omitted).

Before addressing the merits of Appellant's claims, we must first consider the timeliness of his PCRA petition because it implicates the jurisdiction of both this Court and the PCRA court. **Commonwealth v. Williams**, 35 A.3d 44, 52 (Pa.Super.2011) (citation omitted), *appeal denied*, 50 A.3d 121 (Pa.2012). "Pennsylvania law makes clear that no court has jurisdiction to hear an untimely PCRA petition." **Id.** To "accord

---

[1] Appellant's brief does not include a separate statement of the questions involved as required by Pa.R.A.P. 2111(a). For each of her five numbered issues, Appellant summarized each issue with one line before engaging in a separate, albeit brief, argument on each point. This Court has reproduced Appellant's five one-line issue summaries to create this list of issues raised by Appellant on appeal. Because Appellant's failure to comply with Pa.R.A.P. 2116 does not impede our ability to review her issues, we will address the merits of Appellant's claims. **Commonwealth v. Long**, 786 A.2d 237, 239 n.3 (Pa.Super.2001), *aff'd*, 819 A.2d 544 (Pa.2003).

finality to the collateral review process[,]" the PCRA "confers no authority upon this Court to fashion *ad hoc* equitable exceptions to the PCRA time-bar[.]" ***Commonwealth v. Watts***, 23 A.3d 980, 983 (Pa.2011).

"It is undisputed that a PCRA petition must be filed within one year of the date that the judgment of sentence becomes final." ***Commonwealth v. Hernandez***, 79 A.3d 649, 651 (Pa.Super.2013); 42 Pa.C.S. § 9545(b)(1). "This time requirement is mandatory and jurisdictional in nature, and the court may not ignore it in order to reach the merits of a petition." ***Hernandez***, 79 A.3d at 651 (*citing* ***Commonwealth v. Murray***, 753 A.2d 201, 203 (Pa.2000)). "Without jurisdiction, we simply do not have the legal authority to address the substantive claims." ***Commonwealth v. Seskey***, 86 A.3d 237, 241 (Pa.Super.2014) (quoting ***Commonwealth v. Albrecht***, 994 A.2d 1091, 1093 (Pa.2010)).

A judgment of sentence "becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S. § 9545(b)(3). However, a facially untimely petition may be received where any of the PCRA's three limited exceptions to the PCRA time bar are met. ***Hernandez***, 79 A.3d at 651 (footnote omitted). These exceptions include:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii). As our Supreme Court has repeatedly stated, the petitioner maintains the burden of pleading and proving that one of these exceptions applies. *Commonwealth v. Abu-Jamal*, 941 A.2d 1263, 1268 (Pa.2008), *cert. denied*, 555 U.S. 916 (2008); *see also Commonwealth v. Leggett*, 16 A.3d 1144, 1146 (Pa.Super.2011) ("The petitioner bears the burden to allege and prove [that] one of the timeliness exceptions applies."). Further,

[a] petition invoking one of these exceptions must be filed within sixty days of the date the claim could first have been presented. 42 Pa.C.S. § 9545(b)(2). In order to be entitled to the exceptions to the PCRA's one-year filing deadline, the petitioner must plead and prove specific facts that demonstrate his claim was raised within the sixty-day time frame under section 9545(b)(2).

*Hernandez*, 79 A.3d at 651-652 (internal quotations omitted).

Finally, a heightened standard applies to a second or subsequent PCRA petition to avoid "serial requests for post-conviction relief." *Commonwealth v. Jette*, 23 A.3d 1032, 1043 (Pa.2011). "A second or subsequent request for relief under the PCRA will not be entertained unless the petitioner presents a strong *prima facie* showing that a miscarriage of

- 5 -

justice may have occurred." ***Commonwealth v. Hawkins***, 953 A.2d 1248, 1251 (Pa.2006). Additionally, in a second or subsequent post-conviction proceeding, "all issues are waived except those which implicate a defendant's innocence or which raise the possibility that the proceedings resulting in conviction were so unfair that a miscarriage of justice which no civilized society can tolerate occurred". ***Commonwealth v. Williams***, 660 A.2d 614, 618 (Pa.Super.1995).

Here, Appellant's judgment of sentence became final on September 24, 2007,[2] over 7 years before she filed the instant petition. Accordingly, the instant petition is facially untimely. Thus, Appellant must plead and prove that her petition falls under one of the Section 9545 exceptions set forth in the PCRA. ***See*** 42 Pa.C.S. § 9545(b)(1)(i)-(iii).

The PCRA petition claims Appellant is entitled to either the Section 9545(b)(1)(ii) newly-discovered facts timeliness exception[3] or the Section

---

[2] On direct appeal, the Supreme Court of Pennsylvania denied Appellant's petition for allowance of appeal from this Court's affirmance on June 26, 2007. Appellant's judgment of sentence became final 90 days later, at the expiration of his time for requesting certiorari from the Supreme Court of the United States. ***See*** 42 Pa.C.S. § 9545(b)(3); U.S.Sup.Ct.R. 13.1 (petition for writ of certiorari must be filed within 90 days of the date that state court of last resort denies discretionary review).

[3] Appellant checked the "I AM ELIGIBLE FOR RELIEF BECAUSE OF:" box on her PCRA petition, which reads: "The unavailability at the time of trial of exculpatory evidence that has subsequently become available and would have changed the outcome of the trial if it had been introduced." ***See*** PCRA Petition, p. 2.

9545(b)(1)(iii) newly-recognized constitutional right timeliness exception[4] based on advancements in fire science investigation and methodology that have occurred since her conviction and which were discussed in **Han Tak Lee v. Glunt**, 667 F.3d 397 (3d.Cir.2012). **See** PCRA Petition, pp. 2-3. She is incorrect for a number of reasons.

Initially, the newly-recognized constitutional right timeliness exception is inapplicable. **Han Tak Lee** is a Third Circuit decision, and therefore not "a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania [that] has been held by that court to apply retroactively." Accordingly, even if this case announced a relevant change in the law, it would not benefit Appellant on PCRA.[5]

_____

[4] Appellant's PCRA petition states:

> Petitioner is invoking the exception to the PCRA Statute of Limitations by asserting a right newly recognized by the U.S. Supreme Court in the Han Tak Lee ruling ___ U.S. ____ (2014). The Petitioner is innocent and did not set the fire that killed two children. Accelerant was used to start a fire outside the home, but no accelerant was ever found in the house or on the personal belongings or person of the Petitioner. The Han Tak Lee case calls into question reliance on outdated fire science and faulty police work to secure a conviction of an innocent person, as in this Petitioner's case.

PCRA Petition, p. 3.

[5] We further note that the Third Circuit decided **Han Tak Lee** in 2012. Therefore, even if it were a decision of the Supreme Court of the United States or the Pennsylvania Supreme Court that announced a new, expressly retroactive rule of law, Appellant's 2014 PCRA petition would not have timely brought a claim based on **Han Tak Lee**. **See** 42 Pa.C.S. § 9545(b)(2) ("Any
*(Footnote Continued Next Page)*

Additionally, the **Han Tak Lee** case is distinguishable on its facts in that it involved questions about a fire's cause and origin. Here, no such question exists: Appellant and her co-defendant plotted to kill a dog by dousing it with kerosene and setting it on fire. When they implemented their plan, the burning dog set fire to a couch outside a house, which in turn set the house on fire. This fire caused the death by asphyxiation of Appellant's two children who were asleep inside the house at the time.[6] Appellant did not challenge that the burning dog caused the fatal house fire either at trial or on direct appeal.[7]

Additionally, the newly-discovered evidence timeliness exception does not apply. Appellant argues that an expert in "new fire science" would challenge the Commonwealth's witnesses regarding the arson conviction. **See** Appellant's Brief, pp. 9, 10 & 12. In short, Appellant seeks to use a fire

_(Footnote Continued)_ ─────────────────

petition invoking an exception provided in paragraph (1) shall be filed within 60 days of the date the claim could have been presented.").

[6] We note that fire officials found the dog's body inside the house under the bed of one of the victims.

[7] On direct appeal, Appellant raised a sufficiency claim regarding the arson conviction claiming that the Commonwealth failed to prove she had the required _mens rea_ for arson because the Commonwealth failed to prove that Appellant had been warned that dousing a dog with kerosene and lighting it on fire could result in the house burning down. **See Commonwealth v. Newsome**, 1956 MDA 2005, January 22, 2007 (unpublished memorandum). This claim admits the dog Appellant set alight caused the house fire.

science expert to impeach the testimony of Commonwealth witnesses. However,

> [t]o obtain relief based on after-discovered evidence, appellant must demonstrate that the evidence: (1) could not have been obtained prior to the conclusion of the trial by the exercise of reasonable diligence; (2) is not merely corroborative or cumulative; (3) **will not be used solely to impeach the credibility of a witness**; and (4) would likely result in a different verdict if a new trial were granted.

**Commonwealth v. Pagan**, 950 A.2d 270, 292 (Pa.2008) (emphasis provided). Accordingly, the newly-discovered evidence timeliness exception cannot apply.[8]

For these reasons, advances in fire science do not provide Appellant with a PCRA timeliness exception. She has failed to make a "strong *prima facie* showing that a miscarriage of justice may have occurred", and her PCRA petition remains time-barred.

Because the PCRA petition is patently untimely and Appellant cannot avail herself of any of the PCRA's time bar exceptions, the PCRA court did not err in denying this petition as untimely.

Order affirmed.

---

[8] We do not consider herein whether developments in fire science represent a newly-discovered fact for PCRA timeliness exception purposes.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>10/22/2015</u>